UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| E2W, LLC, a Delaware limited liability company,<br><br>     Plaintiffs,<br><br> v.<br><br>KIDZANIA OPERATIONS, S.A.R.L., a Luxembourg corporation.<br>     Defendant. | Case No. 1:20-cv-02866-ALC |

# DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO FILE UNDER SEAL

BOIES SCHILLER FLEXNER LLP
Damien Marshall
55 Hudson Yards
20th Floor
New York, New York 10001
Telephone: (212) 909-7617
*dmarshall@bsfllp.com*

Christopher G. Caldwell (admitted *pro hac vice*)
Jeanne A. Fugate (admitted *pro hac vice*)
725 South Figueroa Street, 31st Floor
Los Angeles, California 90017
Telephone: (213) 629-9040
Facsimile: (213) 629-9022
*ccaldwell@bsfllp.com*
*jfugate@bsfllp.com*

*Attorneys for Defendant KIDZANIA OPERATIONS, S.A.R.L.*

I.  **INTRODUCTION**

Defendant KidZania Operations, S.A.R.L. ("KidZania") respectfully moves this Court, pursuant to Rule 6(C) of this Court's Individual Rules for Practice in Civil Cases, for an order granting approval to file under seal three exhibits submitted in connection with KidZania's Opposition to Plaintiff E2W, LLC's ("E2W") Application for Temporary Restraining Order and Preliminary Injunction ("Application").  Specifically, KidZania seeks approval to file under seal three damages calculations attached as Exhibits 14, 15, and 16 to the Declaration of KidZania's CEO Xavier Lopez Ancona:

1. Exhibit 14 sets forth a calculation of lost revenues related to the KidZania facility located in Frisco, Texas (a suburb of Dallas) (the "Frisco Facility");

2. Exhibit 15 sets forth a calculation of lost revenues that KidZania will suffer as a result of delay in opening facilities in Chicago, Los Angeles, and New York; and

3. Exhibit 16 sets forth total royalty losses to KidZania over the life of the Franchise Agreement.

Exhibits 14 through 16 are referred to herein as the "Confidential Documents."

The Confidential Documents relate to internal, confidential business information, including projected and actual attendance at U.S. facilities, projected and actual revenues from per capita expenditures in facilities in the United States, and projected and actual revenues from industry sponsorships.  The Confidential Documents should be treated as confidential and KidZania should be given approval to file them under seal.

II.  **LEGAL STANDARD**

While there is a presumption of public access to judicial documents, Courts have repeatedly recognized a number of exceptions that work to protect the kind of confidential business information contained in the Confidential Documents.  *See Lugosch v. Pyramin Co. of*

*Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006).  In resolving sealing applications, courts consider both "the weight of the presumption" of access and whether there are "countervailing facts," such as the "the private interest of those resisting disclosure." *Id*. at 120.  "Documents may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Id*. (internal quotation marks and alteration omitted).  *Cf*. Fed. R. Civ. P. 26(c)(1)(G) (a court may issue an order "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way.").

### III.   ARGUMENT

#### A.   The Confidential Documents Contain Confidential Business Information

Each of the Confidential Documents contains confidential "business information that might harm [KidZania's] competitive standing" in the market if not filed under seal.  *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978).  Moreover, each of the Confidential Documents relates to the inner workings of a privately held company, which further weighs in favor of sealing.  *See United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995) ("Financial records of a wholly owned business . . . and similar matters will weigh more heavily against access than conduct affecting a substantial portion of the public.").

In other words, the documents relate to and set forth "specific business information and strategies, which, if revealed, may provide valuable insights into a company's current business practices that a competitor would seek to exploit," and are thus the types of documents that courts have ordered sealed.  *Louis Vuitton Mallatier S.A. v. Sunny Merchandise Corp*., 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (ordering sealing) (internal quotation marks omitted); *see also GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C*., 769 F. Supp. 2d 630, 650 (S.D.N.Y. 2011) (approving the under seal filing of documents containing "defendants' marketing

strategies, product development, costs and budgeting"); *SEC v. Ahmed*, No. 15-cv-00675, 2018 WL 4266079, at *3 (D. Conn. Sep. 6, 2018) (sealing documents that the party argued would provide competitors a "free look" into its business strategies and noting that the "confidentiality of internal business practices substantially outweighs the public's right of access").  Indeed, the Confidential Documents at issue contain competitively sensitive information that KidZania takes pains to keep confidential, including projected and actual attendance at U.S. facilities, projected and actual revenues from per capita expenditures in its facilities, and projected and actual revenues from industry sponsorships.  This is precisely the type of sensitive "internal business" information where the moving party's interest in "confidentiality . . . substantially outweighs the public's right of access." *Id.*  KidZania should be permitted to file these three exhibits under seal.

### B. The Request for Under Seal Filing is Narrowly Tailored

KidZania requests that three exhibits be filed under seal because those exhibits contain granular details about projections and actual revenues generated by KidZania facilities in the United States.  Although KidZania seeks an order sealing those exhibits, it does not seek to redact either its Opposition Brief, or the Declaration of its CEO Xavier Lopez Ancona, which discuss this information at a less granular level.  This strikes a balance between the weight of presumption of the public's right to access information while protecting the detailed calculations that are in the Confidential Documents.

### IV. CONCLUSION

For the foregoing reasons, this Court should grant KidZania's motion to file under seal the Confidential Documents submitted in connection with KidZania's Opposition to E2W's Application for Preliminary Injunction.

| | |
|---|---|
| Dated: April 20, 2020 | /s/     Christopher G. Caldwell<br>Christopher G. Caldwell (Admitted Pro Hac Vice)<br>Jeanne A. Fugate (Admitted Pro Hac Vice)<br>**BOIES SCHILLER FLEXNER LLP**<br>725 South Figueroa Street, 31st Floor<br>Los Angeles, California 90017<br>Telephone: (213) 629-9040<br>Facsimile: (213) 629-9022<br>*ccaldwell@bsfllp.com*<br>*jfugate@bsfllp.com*<br><br>Damien Marshall<br>**BOIES SCHILLER FLEXNER LLP**<br>55 Hudson Yards<br>20th Floor<br>New York, New York 10001<br>Telephone: (212) 909-7617<br>*dmarshall@bsfllp.com*<br><br>*Attorneys for KIDZANIA OPERATIONS, S.A.R.L* |